JUDGE STANTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

HADLEY SCOTT SMITH,                          :

                Plaintiff,          :

v.                                                               :

C. R. BARD, INC. and DAVOL INC.,             :

                Defendants.       :

-------------------------------------------------------X

**'07 CIV 7934**

Civil Action No.: _____

**NOTICE OF REMOVAL**

RECEIVED
0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by and through their undersigned counsel, hereby remove the above-captioned matter from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

     1.       Plaintiff filed this action in the Supreme Court of the State of New York, New York County, on August 17, 2007. Defendant Bard was served on August 21, 2007 and Defendant Davol was served on August 24, 2007.

     2.       As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

**I.      Defendants Have Satisfied the Procedural Requirements for Removal.**

     3.       <u>Removal is timely</u>. Defendants were served with a copy of the Complaint on August 21 and 24, 2007. *See* Exhibit A (copy of all process, pleadings, and orders served upon, including the summons and complaint). This Notice of Removal is being

filed within 30 days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4.     Venue is proper.  The Supreme Court of the State of New York, New York County, is located within the Southern District of New York, and therefore, venue is proper in this Court pursuant to 28 U.S.C. § 81(a)(3) because it is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

5.     No further proceedings have been had in the state court action.

6.     No previous application has been made for the relief requested herein.

7.     A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit B and is being filed in the Supreme Court of the State of New York, New York County, and served on Plaintiff.

## II.     Removal is Proper in This Case.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A.     Complete diversity exists between Plaintiff and Defendants.

9.     Plaintiff is a resident of East Baton Rouge Parish, Louisiana, and his relevant surgeries were performed at Saint Vincent's Hospital in New York, New York. Compl. ¶ 2.

10.     Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the states of Delaware and New Jersey respectively, with their principal places of business in Rhode Island and New Jersey respectively.  For

purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the state of New York. Compl. ¶¶ 2 & 3.

### B.    The amount in controversy requirement is satisfied.

11.    Plaintiff, in this medical device product liability action, alleges that defendants are liable in negligence, strict liability, breach of implied warranty, breach of express warranty, fraud, and negligent misrepresentation and omission. In making these allegations, Plaintiff fails to specify in the Complaint the amount sought in compensation. Allegations similar to these have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional amount. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that the amount in controversy to be satisfied where plaintiffs alleged economic loss, medical and health expenses, and claimed serious medical conditions); *see also In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (same); *see Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (same). *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). Here, Plaintiff, in the Prayer for Relief section of the Complaint, seeks "economic and non-economic damages in an amount as provided by law and to be determined by a jury; an award of attorney's fees and costs of suit as allowed by law; and such other legal and equitable relief as this court my [*sic*] deem just and proper."

WHEREFORE, Defendants respectfully remove this action from the Supreme Court of the State of New York in and for New York County, New York to this Court pursuant to 28 U.S.C. § 1441.

Dated:  New York, New York
        September 10, 2007

PEPPER HAMILTON LLP

By: _____
        Samuel J. Abate, Jr. (SA 0915)
    420 Lexington Avenue
    Suite 2320
    New York, NY 10170-2399
    (212) 808-2700

Attorneys for Defendants DAVOL INC. and
C.R. BARD, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 10th day of September, 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record in the manner indicated below:

David Buchanan, Esq.
Seeger Weiss
One William Street
New York, NY 10004

*First Class Mail*

BY: _____
Samuel J. Abate, Jr. (SA 0915)

# Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

| | |
|---|---|
| HADLEY SCOTT SMITH, | **SUMMONS** 07/111334 |
| | Plaintiff(s) designate NEW YORK |
| Plaintiff, | County as place of the trial. |
| | The basis of the venue is Plaintiff's |
| -against- | Relevant Residence and Actual Place |
| | of Injury: New York New York |
| C.R. BARD, INC. and DAVOL, INC. | Plaintiff(s) |
| Defendants. | Index No: |
| | Date of Summons & |
| | Complaint Filed: |

TO:    C.R. BARD, INC.
       c/o CT Corporation System
       111 Eighth Avenue
       New York, NY 10011

**To the above named Defendant(s)**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within (20) twenty days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the State, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       August 17, 2007

                              Yours, etc.

                    By:    _David R. Buchanan_
                           David R. Buchanan
                           Seeger Weiss LLP
                           One William Street
                           New York, NY 10004
                           Tel. (212) 584-0700

                           Attorneys for plaintiff

NEW YORK
COUNTY CLERK'S OFFICE

AUG 17 2007

NOT COMPARED
WITH COPY FILE

## IN THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

| | |
|---|---|
| Hadley Scott SMITH <br><br> Plaintiff, <br><br> v. <br><br> C. R. BARD, INC. and DAVOL, INC. <br><br> Defendants | Case No. *07/111334* <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## NATURE OF THE CASE

1.  Plaintiff, Hadley Scott Smith, developed serious and potentially life threatening medical conditions caused by the insertion of a defective medical product manufactured by Defendants – a Bard Composix Kugel Hernia Patch. Plaintiff seeks relief for his injuries under claims of negligence, strict liability for failure to warn, strict liability for design defect, and breach of warranty, fraud and violation of General Business Law § 349.

## PARTIES

2.  Plaintiff Hadley Scott Smith is a citizen and resident of East Baton Rouge Parish, Louisiana. The relevant surgeries on Mr. Smith were performed at Saint Vincent's Hospital in New York, New York.

3.  Defendant, Davol Inc. ("Davol") is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch"). Davol focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

4.  Defendant, C. R. Bard Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch.

5.  This Court has personal jurisdiction over Defendants pursuant to CPLR § 301 because Defendant is present and doing business within New York. Defendant is and was at all relevant times authorized to conduct business in New York and Defendant conducted such business within the state, including the performance of acts that caused or contributed to the harm, giving rise to this action. Further, Defendant could reasonably expect its actions to have consequences in the state.

6.  This County is the proper place for trial pursuant to CPLR § 503, because Plaintiff was resident of this County during most times, and received the medical treatment, relevant to his claims here.

## FACTUAL ALLEGATIONS

7.  Defendant Davol designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into Mr. Smith's body.

8.  Defendant Davol, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Mr. Smith's body.

9.  The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

2

10. Defendants participated in the marketing, distribution and sale of the Kugel Patch as safe for its intended purpose, fully and properly tested for safety and potential risks, and free from the kinds of risks and hazards that the Kugel Patch actually posed to the public, including Plaintiff.

11. On or about August 18, 2004, Mr. Smith underwent surgery at Saint Vincent's Hospital in New York County to repair a recurrent incisional hernia. A Bard Composix Kugel Hernia Path, Self Expanding Polypropylene and a PTFA Patch for Soft Tissue Reconstruction ("Kugel Patch") was implanted along with a Davol Bard Prefix Plug, Medium, Monofolomanet Knitted Polypropylene.

12. The Kugel Patch hernia repair product implanted in Mr. Smith was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate, cost-effective and suitable product for such purpose.

13. A Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

14. The recall was due to a faulty "memory recoil ring" that can break under pressure, causing the kind of injury suffered by Mr. Smith. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

15. In the months that followed the surgery, Mr. Smith's condition worsened. Mr. Smith suffered under extreme fever, pain and discomfort. Despite an aggressive pain control regimen, neither the pain nor discomfort were abated.

16. On or about October 6, 2004, Mr. Smith was re-admitted to Saint Vincent's Hospital in an effort to stabilize his condition, which had significantly worsened.

3

Surgery found that a portion of the Kugel Hernia Patch had broken free and perforated Mr. Smith's colon.

17.  Mr. Smith was left to begin months of recovery, requiring re-routing his digestive system, on-going pain maintenance, with substantial medical complications requiring expensive, painful and emotionally harmful medical intervention and care, all in New York County.

18.  Mr. Smith has incurred substantial medical bills and has lost wages and a quality of life as a result of the Kugel Patch, and continues to suffer physical pain and mental anguish.

19.  Davol and Bard withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

20.  Upon information and belief Davol and Bard failed to comply with the FDA application and reporting requirements.

21.  Upon information and belief Davol and Bard were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

22.  Upon information and belief Davol and Bard were aware of the defect in manufacture and design prior to the recall of their Kugel Patch

## FRAUDULANT CONCEALMENT

23.  Any applicable statutes of limitation have been tolled by the knowing and active concealment and denial of material facts known by defendants when they had a duty to disclose those facts.  They have kept plaintiff and others ignorant of vital information essential to his pursuit of these claims, without any fault or lack of diligence

on plaintiff's part, for the purpose of obtaining delay on plaintiff's part in filing a complaint on his causes of action. Their fraudulent concealment did result in such delay.

24.  Plaintiff could not reasonably have discovered the claims made herein until shortly before filing this complaint.

25.  The Defendants are and were under a continuing duty to disclose the true character, quality and nature of the patch that was implanted in Plaintiff, but instead they concealed them. As a result, Defendants are estopped from relying on any statute of limitations defenses.

## CLAIMS FOR RELIEF

### Count I - Negligence

26.  Mr. Smith re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

27.  Defendants at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

28.  Defendants at all times mentioned knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch's users.

29.  Defendants so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that they were

dangerous and unsafe for the use and purpose for which it was intended.

30. Defendants were aware of the probable consequences of the Kugel Patch. Defendants knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted in conscious disregard of the safety of Mr. Smith.

31. Defendants owed a duty to Mr. Smith to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

32. Defendants breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

33. As a direct and proximate result of the duties breached, the Kugel Patch used in Mr. Smith's hernia repair surgery failed, resulting in Mr. Smith suffering pain and harm.

34. As a direct and proximate result of Davol's and Bard's negligence, Mr. Smith has suffered injuries and damages.

35. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

6

## Count II – Strict Liability: Failure to Warn

36.     Mr. Smith re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

37.     In the course of business, Defendants Davol and Bard designed, manufactured and sold the Kugel Patch used in Mr. Smith.

38.     At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Mr. Smith received the Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

39.     Defendants Bard and D avol failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Defendants failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

40.     The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Mr. Smith had his hernia repair surgery the Kugel Patch was in the same condition as when manufactured, distributed and sold.

41.     Mr. Smith did not know at the time of use of the Kugel Patch, not at any

7

time prior thereto, of the existence of the defects in the Patches.

42.     Mr. Smith suffered the aforementioned injuries and damages as a direct result of Defendants' failure to warn.

43.     The conduct of Defendants in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Bard, Davol and others from similar conduct.

## Count III – Strict Liability: Design Defect

44.     Mr. Smith re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

45.     Defendants Davol and Bard designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

46.     The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Mr. Smith's Kugel Patch was a Class I recalled device that failed while in his body causing him to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of his Kugel Patch.

47.     At all times mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of Davol.

48.     The Kugel Patch implanted into Mr. Smith was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

49.  The Kugel Patches, like the one found in Mr. Smith, at the time they left the possession of Defendants were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Mr. Smith as follows:

     i. The Kugel Patch was sold in a defective condition by design and manufacture;

     ii. The Kugel Patch as designed and manufactured was unsafe to Mr. Smith;

     iii. The Kugel Patch as designed and manufactured was unreasonably dangerous to Mr. Smith;

     iv. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Mr. Smith, would expect;

     v. The Kugel Patch as designed and manufactured was unsafe for its intended use;

     vi. Defendants failed to warn the end user about the dangers and risks of the product;

     vii. Defendants knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

     viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

9

    ix.  Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery.

    x.  Any other acts or failures to act by Davol or Bard regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

50.  Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

## Count IV- Breach of Implied Warranty

51.  Mr. Smith re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

52.  Defendants Davol and Bard sold the Kugel Patch which was implanted in Mr. Smith. Defendants impliedly warranted to Mr. Smith, his physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for the use for which they were intended.

53.  Defendants knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

54. Mr. Smith, his physicians and health care providers reasonably relied on Defendants' judgment, indications and statements that the Kugel Patch was fit for such use.

55. When the Kugel Patches were distributed into the stream of commerce and sold by Defendants Davol and Bard, they were unsafe for their intended use, and not of merchantable quality, as warranted by Defendants in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

56. Mr. Smith suffered such injuries and damages as a result of Defendants' conduct and actions.

## Count V – Breach of Express Warranty

57. Mr. Smith re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

58. In the manufacturing, design, distribution, advertising, marketing, labeling and promotion of the Kugel Patch, Defendants Davol and Bard expressly warranted them to be safe and effective for consumers like Plaintiff.

59. At the time of making these express warranties, Defendants had knowledge of the purpose for which the product was to be used and warranted same in all respects to be safe and proper for such purpose.

60. The Kugel Patch did not conform to these express warranties and representations because they are not safe and pose severe and serious risks of injury.

61. The implantation and use of the Kugel Patch in Plaintiff's case was proper and pursuant to the intended and foreseeable use.

11

62. Plaintiff, by use of reasonable care, would not and could not have discovered the breach and realized its danger.

63. Defendants' breach of warranty was a substantial factor in causing Plaintiff's injuries.

### Count VI - Fraud

64. Mr. Smith re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

65. Defendants Davol and Bard falsely and fraudulently represented to the medical community and to plaintiff the qualities of the Kugel Patch.

66. Defendants Davol and Bard fraudulently omitted, concealed and suppressed material information regarding the risks and dangers in their medical product, the Kugel Patch.

67. Defendants knew or, but for reckless disregard, should have known the true risk and danger posed by their medical product, the Kugel Patch.

68. Having undertaken the manufacturing, marketing, distribution and promotion of the Kugel Patch, Defendants were under a duty to provide to plaintiff, his physicians, regulators and other consumers and persons with relevant responsibility accurate and complete information regarding the Kugel Patch.

69. Defendants committed their fraud with the intent of deceiving the public in general and the medical community in particular, with the intent that their product be purchased and implanted in persons like Plaintiff.

70. The public in general, and the medical community in particular, were unaware of Defendants' fraud, and reasonably relied upon Defendants.

12

71. Defendants acted willfully, knowingly, intentionally, unconscionably and with reckless disregard when committing these acts of consumer fraud.

72. As a result of Defendants' fraud, Plaintiff sustained injury and damages.

### Count VII – Negligent Misrepresentation and Omission

73. Mr. Smith re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

74. Defendants Davol and Bard, having undertaken the manufacturing, marketing, dispensing, distribution, sale and promotion of the Kugel Patch, created and were in a special relationship if trust, confidence and privity with the public, consumers, Plaintiff, and his medical care providers and were thus under a duty to provide accurate and complete information and warnings regarding the quality and safety of the Kugel Patch.

75. Defendants misrepresented and/or omitted material facts about the quality and safety of the Kugel Patch to the public, consumers, Plaintiff, and his medical care providers, among others. Defendants misrepresented, among other things, that the Kugel Patch was safe and effective for the purposes for which they were intended. The representations were false since the product was not safe for this purpose and was dangerous to the health of Plaintiff.

76. The aforementioned misrepresentations and/or omissions were made by Pfizer with the intent to induce Plaintiff to use the product, to his detriment.

77. At the time of the misrepresentations, Plaintiff and all those responsible for his care were ignorant of the falsity of the statements, and reasonably relied on them and believed them to be true when selecting, purchasing and utilizing the product.

78.    Defendants breached their duties to Plaintiff by providing false, incomplete and/or misleading information regarding their product.

79.    As a direct a proximate result of Defendants' fraudulent misrepresentations and omissions, Plaintiff suffered injury and damage.

## Count VIII - Violation of Gen. Bus. L. § 349

80.    Mr. Smith re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

81.    Plaintiff is a "person" within the meaning of New York General Business Law § 349(h).

82.    Section 349(a) of New York's General Business Law provides: "Deceptive acts or practices in the conduct of any business, trade of commerce or in the furnishing of any service in this state are hereby declared unlawful."

83.    Section 349(h) of New York's General Business Law empowers "[a]ny person who has been injured by reason of any violation of this section" to bring an action.

84.    At all relevant times Defendants were in the business of designing, manufacturing, marketing, distributing, advertising, promoting and selling their medical product, the Kugel Patch, to medical practitioners and consumers in the State of New York.

85.    Defendants' deceptive acts and practices took place in the context of designing, marketing, distributing and selling their medical product, the Kugel Patch to the public and to consumers, including plaintiff and to the medical profession and scientific community, and therefore those deceptive acts and that conduct is consumer-oriented and affects the public interest.

86.  Defendants made untrue, materially deceptive or misleading representations of material facts and omitted and/or concealed material facts in the marketing, packaging, advertisement and sale regarding the safety of the Kugel Patch.

87.  Defendants made untrue, materially deceptive or misleading representations of material facts and omitted and/or concealed material facts in the marketing, packaging, advertisement and sale to the effect that the Kugel Patch was fit for the purpose for which it was intended, when Defendants knew it was defective and dangerous.

88.  Defendants' conduct thereby and otherwise constituted deceptive acts or practices in the conduct of business, trade or commerce.

89.  Defendants' conduct thereby and otherwise constituted unfair acts of practices that have the capacity and did deceive consumers.

90.  Defendants acted willfully, knowingly, intentionally, unconscionably and with reckless disregard when committing these acts of consumer fraud.

91.  As a proximate result of these acts of consumer fraud, Plaintiff was injured and sustained actual damages and injuries

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against the Defendants, jointly and severally, for economic and non-economic damages in an amount as provided by law and to be determined by a jury; an award of attorney's fees and costs of suit as allowed by law; and such other legal and equitable relief as this Court my deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully Submitted,

Dated: New York, New York
August 17, 2007

SEEGER WEISS LLP

By: _____
David Buchanan
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

John W. deGravelles *
deGravelles, Palmintier, Holthaus &
Frugé L.L.P.
618 Main Street
Baton Rouge, LA 70801-1910
Telephone: (225) 344-3735
Facsimile: (225) 336-1146

Daniel A. Claitor *
7520 Perkins Road, Suite 170
Baton Rouge, LA 70808
Telephone: (225) 757-0159
Facsimile: (225) 757-0169

*Attorneys for Plaintiffs*

* admission *pro hac vice* will be
requested.

NEW YORK
COUNTY CLERK'S OFFICE

AUG 17 2007

NOT COMPARED
WITH COPY FILE

16

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X
HADLEY SCOTT SMITH,                         :
                                            :
                        Plaintiff,          :
                                            :        Civil Action No.: 07/111334
v.                                          :
                                            :
C. R. BARD, INC. and DAVOL, INC.,           :        **NOTICE OF FILING**
                                            :        **NOTICE OF REMOVAL**
                        Defendants.         :
                                            :
                                            :
----------------------------------------------------------X

**TO:**   David Buchanan, Esq.
           Seeger Weiss
           One William Street
           New York, NY 10004

PLEASE TAKE NOTICE that this action has been removed to the United States

District Court for the Southern District of New York  ("District Court") by the filing of

the attached Notice of Removal with the Clerk of the District Court on September 10,

2007.  A copy of this notice is on file with the District Court.  The Supreme Court of the

State of New York, County of New York may proceed no further unless or until this case

is remanded.

Dated:  New York, New York
        September 10, 2007

                              Respectfully submitted,

                              *Samuel J. Abate*

                              Samuel J. Abate, Jr.
                              Pepper Hamilton LLP
                              Suite 2320
                              420 Lexington Avenue
                              New York, NY 10170-2399


                              Of Counsel:

                              Kirby T. Griffis
                              Dana Alan Gausepohl
                              Spriggs & Hollingsworth
                              1350 I Street N.W.
                              Washington, DC  20005
                              (202) 898-5800
                              (202) 682-1639 (fax)


                              Attorneys for Defendants
                              C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, a copy of the foregoing Notice of Removal was served upon the following in the manner listed below:

                      David Buchanan, Esq.
                      Seeger Weiss
                      One William Street
                      New York, NY 10004

                      *via first-class mail*

                      Samuel J. Abate, Jr.